*Hearing Set on 3 Sep 04 1:30 pm*

CAUSE NO. 04-CR-0221/85/86/87

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE DISTRICT COURT |
| | )( | |
| VS. | )( | GALVESTON COUNTY, TX |
| | )( | |
| DERWIN DALE LIVINGSTON | )( | 56TH JUDICIAL DISTRICT |

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW comes DERWIN DALE LIVINGSTON, Defendant in the above styled and cause of action, and moves this Court to set aside the judgment rendered and entered against Defendant on 13 August 2004, and grant said Defendant a new trial in this cause, for the following good and sufficient reasons:

I.

The judgment of the Jury is contrary to the sufficiency of the evidence presented at trial. The evidence presented by the State was at best contradictory and incomplete. State and United States constitutional law require that before a person can be found guilty of a crime it must be done through competent evidence by a jury finding the not guilty beyond a reasonable doubt based on that competent evidence. That was not the case in this trial. The only testimony elicited that placed any guilt on the Defendant was the testimony of Defendant's daughter Crystal Turner who by her own admission when she made an statement when the trial was concluded that she made an oath to her Grandfather Jack Turner that she would get Derwin Dale Livingston.

II.

The evidence collected at the scene of the crime was deliberately not offered for any scientific proof thereby precluding the Defendant from testimony that could have been exculpatory in nature. Had such evidence been scientifically tested and processed by the State it could have excluded the possibility of the Defendant having committed the offense charged.

III.

Defendant had several meritorious defenses but the Defense was prohibited by the Trial Court from presenting these defenses and from going into any area of discovery that involved the possibility of bias and prejudice on behalf of the State's Witnesses.

WHEREFORE, Defendant, DERWIN DALE LIVINGSTON prays that after notice and hearing the judgment rendered in this cause be set aside and that Defendant be granted a new trial.

Respectfully submitted,

_____
John M. Thoma
Attorney for Defendant
2127 Broadway
Galveston, Texas 77550
(409) 763-6279
(409) 763-4309
State License # 19841000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly served upon Counsel for The State of Texas, by hand delivery at the Office of the District Attorney, Galveston County, Texas 77550, on this the __16__ day of ___August___, 2004.

_____
John M. Thoma

## ORDER

Defendant's Amended Motion for New Trial is hereby set for hearing on the __2__ day of __Sept__ 1:30, 2004.

/S/
_____
Judge Presiding

CAUSE NUMBER 03 CR 0084

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE DISTRICT COURT |
| VERSUS | )( | |
| | )( | GALVESTON COUNTY, TEXAS |
| DERWIN DALE LIVINGSTON | )( | |
| | )( | 56TH JUDICIAL DISTRICT |

## NOTICE OF INSANITY DEFENSE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now DERWIN DALE LIVINGSTON, defendant in the above-entitled and numbered cause, and gives written notice of his intention to present the defense of insanity at the trial set for _____, 2003.

This notice is timely filed in accordance with Article 46.03 of the Code of Criminal Procedure in that:

1. It is at least 10 days prior to the date the case is set for trial.

2. This notice is filed at the pretrial hearing, which has been set before the 10-day period prior to trial.

3. This notice is filed at the same time the issue of the competency of the defendant to stand trial is raised, and before the 10-day period prior to trial.

A copy of this notice was served on an Assistant of the District Attorney's Office for Galveston County, Texas on the _31_ day of _January_, 2003.

Respectfully submitted,

_____
John M. Thoma
Attorney for Movant
2127 Broadway
Galveston, Texas 77550
409-763-6279
409-763-4309 fax
State License #19841000

# The State of Texas



Statutory Documents
P.O. Box 12887
Austin, Texas 78711-2887

Phil Wilson
Secretary of State

Phone: 512-463-5705
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.state.tx.us

September 17, 2007

Mr. Cesar Villasenor
3212 Riverview Drive
Mesquite, Texas  75181

Re:  Record Search – Judge I. Allan Lerner

Dear Mr. Villasenor:

Pursuant to your inquiry, please be advised that a diligent search of the filings under the provisions of Tex. Const. Art. XVI § 1, Statement of Elected/Appointed Officer filings were found on behalf of I. Allan Lerner, Judge, 56th Judicial District, dated, December 14, 1992 and as Senior Judge, dated, July 29, 2004, August 12, 2005 and August 8, 2006.

Pursuant to 1 T.A.C. sec. 73.71, this office has found Oath of Office filings on behalf of I. Allan Lerner, Judge, 56th Judicial District, dated, January 1, 1981; January 2, 1985; January 2, 1989 and December 14, 1992.

If this office may be of further assistance to you, please do not hesitate to contact us.

Sincerely,

CoCo Casarez
Manager
Statutory Documents

Cause No. 91-1725-1

| | | |
|---|---|---|
| GUARDIANSHIP OF | }{ | IN THE PROBATE COURT |
| | }{ | |
| DERWIN DALE LIVINGSTON | }{ | NO. ONE OF |
| | }{ | |
| ALLEGED INCOMPETENT | }{ | TARRANT COUNTY, TEXAS |

## ORDER APPOINTING GUARDIAN

On _September 23_, 1991, was heard the application, filed in the above-entitled and numbered cause, by MARTHA KAY LIVINGSTON, for letters of guardianship of the person and estate of DERWIN DALE LIVINGSTON, an alleged incompetent person.

It appearing to the Court that due and legal notice of the filing has been given in the manner and for the time required by law, and the Court being fully advised in the matter, the Court is of the opinion that a necessity exists for such guardianship and that applicant is qualified and is not disqualified by law from accepting such letters. The Court finds that Applicant is the spouse of the proposed Ward and that all property belonging to the Proposed Ward is community property of the Proposed Ward and the Applicant; therefore, Applicant is entitled to manage such pursuant to Section 157 of the Texas Probate Code without further action of this Court.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the application is granted and MARTHA KAY LIVINGSTON is appointed guardian of the person ~~and estate~~ of DERWIN DALE LIVINGSTON. Letters of guardianship should be issued to MARTHA KAY LIVINGSTON, upon filing good and sufficient bond in the sum of $ _100.00_ conditioned as required by law, and taking the oath of office within 20 days from this date.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Gary Post, Esquire, is awarded $ 1,156.25 as his reasonable and necessary attorney's fees in this matter, and Applicant is ORDERED to pay same to him forthwith.

SIGNED this _15th_ day of _October_, 1991.

_____
JUDGE PRESIDING

_____
EARL GRIFFIN, JR.
SBN: 08471000
1227 West Magnolia
Garden Level
Fort Worth, Texas 76104
(817) 926-1400

_____
GARY POST
SBN: 16165300
500 Throckmorton
Suite 1400
Fort Worth, TX 76102-3708
(817) 334-0066

01895   0648

A CERTIFIED COPY

ATTEST: _October 25_, 20 _05_
SUZANNE HENDERSON, County Clerk
Tarrant County, Texas
By _____

-FILED-

SEP 1 6 1991

PROBATE DEPT.
COUNTY CLERK, TARRANT CO. TEXAS

Cause No. 91-1725-1

| | | |
|---|---|---|
| IN THE MATTER OF | }{ }{ }{ }{ | IN THE PROBATE COURT |
| | | NUMBER ONE |
| DERWIN DALE LIVINGSTON | }{ | TARRANT COUNTY, TEXAS |

### AMENDED APPLICATION FOR THE APPOINTMENT OF GUARDIAN

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARTHA KAY LIVINGSTON, Social Security # 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, Applicant herein, and make this Application for Appointment of a Guardian of the person and estate of DERWIN DALE LIVINGSTON and in support thereof would respectfully show the Court as follows:

I.

DERWIN DALE LIVINGSTON, Social Security # 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 is a 48 year old male. Mr. Livingston is presently residing at 1543 N. Main, Fort Worth, Texas 76106 here service may be had upon him. DERWIN DALE LIVINGSTON is without any guardian of his person or estate.

II.

DERWIN DALE LIVINGSTON is of unsound mind, or, in the alternative, is completely unable to care for himself or to manage or protect his personal affairs regarding his estate including the payment of monthly statements.

Mr. Livingston's condition will require medical supervision and treatment.

III.

Your applicant knows of no real property which belongs to the Estate of Mr. Livingston. The proposed ward's estate consists of a partnership between Applicant and his wife the name of said business being entitled " The Tatoo Place" and "The Tatoo Studio".

Your applicant would show that this Court has jurisdiction over the proceedings in that the residence of the ward is within the jurisdiction of this Court.

V.

Applicant, MARTHA KAY LIVINGSTON, is the wife of the proposed ward and resides at 1543 N. Main, Fort Worth, Texas 76106.

01890   1032

Applicant MARTHA KAY LIVINGSTON, is not disqualified from serving as guardian of Mr. Livingston's person and estate.

WHEREFORE, PREMISES CONSIDERED, applicant respectfully requests that;

1. Notice and citation issue is required by law;

2. Following a hearing, a suitable person be appointed guardian of the person and estate of DERWIN DALE LIVINGSTON;

3. Applicant be granted such other and further relief to which she may be justly entitled.

Respectfully submitted by:

PARKER, GRIFFIN, & VENABLE

EARL GRIFFIN, JR.
State Bar# 08471000

1227 West Magnolia
Garden Level
Fort Worth, Texas 76104
(817) 926-1400

01890  1033

DIAMOND HILL MEDICAL CENTER
2223 NE 28th ST.
FT.WORTH, TX 76106

Earl Griffin Jr.
1701 River Run
Ft.Worth, TX 76107

Dear Mr.Griffin,

    Dale Livingston was brought into my office on June 25,1991 by his wife Kay. At that time a history of memory loss, headache, and numbness of his tongue were illicitted. Physical exam failed to reveal any focal neurologic defecits, however an MRI of Dale's head was ordered. A negative result has adequately eliminated organic and structural pathology as the cause of his problems.

    At this date I feel Mr.Livingston has sufferred a "nervous breakdown" secondary to a long standing chronic depression. He is on medication, but his progress remains guarded.

    It is my medical opinion that, at this time and for the forsueable future, Dale Livingston, is not competent to manage his day to day affairs, either personal or business. In fact, being subjected to the stress of trying to do those things may in fact worsen his prognosis.

    If I may be of any further assistance please let me know.

Sincerely,

Jon B.Spain
Medical Director DHMC

01895 0531

-FILED-
SEP 2 3 1991
PROBATE DEPT.
COUNTY CLERK TARRANT CO. TEXAS

NO. 91-1725-1

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE PROBATE COURT |
| | § | |
| GUARDIANSHIP OF | § | NUMBER ONE |
| | § | |
| DERWIN DALE LIVINGSTON, | § | |
| ALLEGED INCOMPETENT | § | TARRANT COUNTY, TEXAS |

## REPORT OF ATTORNEY AD LITEM

TO THE HONORABLE JUDGE OF SAID COURT:

The following is the ad litem report on the above-referenced cause.

I was appointed as attorney ad litem on July 26, 1991 by this Court to represent the interest of the Alleged Incompetent, DERWIN DALE LIVINGSTON. An Application For The Appointment Of Guardian was filed with this Court on July 24, 1991. An Amended Application For The Appointment of Guardian was filed with this Court on July 30, 1991. The purpose of each Application was to request that the Applicant, MARTHA KAY LIVINGSTON, be appointed guardian of the person and estate of DERWIN DALE LIVINGSTON.

Mrs. Livingston is the wife of Mr. Livingston. They reside together at 1543 North Main, Fort Worth, Texas in a trailer that is owned by Mr. Livingston's daughter, Dana Greer. Mr. and Mrs. Livingston met in Odessa, Texas approximately eleven years ago, were married shortly after they met, and then moved to Fort Worth. Upon moving to Fort Worth, they opened a tattoo business called the Tattoo Studio that is operated in a building that they lease at 1543 North Main, Fort Worth, Texas. That business has been in operation for approximately eleven years. They also own a tattoo business in Dallas that operates under the name Tattoo Place. That business has been in operation for approximately one

year. Prior to June, 1991, Mr. and Mrs. Livingston both worked full-time in the tattoo business.

I met personally with Mrs. Livingston on August 15, 1991 and met personally with Mr. Livingston, Mrs. Livingston, and Mr. Earl Griffin, Jr., Attorney for Applicant, on August 29, 1991. Based upon those discussions and my review of the documents filed with the Court in this matter, I have gathered the following information that is relevant to this guardianship matter:

For the past two and one-half to three years Mr. Livingston has had periods of time during which he suffered from memory loss, headache, and financially irresponsible behavior. On June 20, 1991, Mr. Livingston found himself at John Peter Smith Hospital with no idea of how he got there. The hospital called the Tattoo Studio and Mr. Livingston's daughter, Dana, went to the hospital to pick him up. When she arrived at the hospital, Mr. Livingston did not recognize her. Two days later, his memory triggered by familiar sights, his memory began to return.

With respect to his current condition, Mr. Livingston stated that one day he feels competent and the next day he does not. He stated that he fears that he is a financial danger to himself and to his family, and cites the following actions that he has taken to support this feeling: (1) within one week, he purchased three new motorcycles; (2) he gave away a Rolex watch; and (3) he gave away a car. Mr. Livingston explained that he will spend money excessively in an attempt to rid himself of depression. Additionally, Mr. Livingston stated that he suffers from loss of memory and that, even on a good day, his judgment is terrible.

-2-

In our discussion, Mr. Livingston said that he was in favor of the proposed guardianship because he feels that it is necessary that Mrs. Livingston be able to control their money so that she can keep him from spending it recklessly. He also stated that, in his current condition, he feels that Mrs. Livingston is better at running the business than he is. Mrs. Livingston stated that she feels that Mr. Livingston is not capable at this time of managing his financial affairs and that a guardianship is necessary for that reason.

In addition to being Mr. Livingston's daughter, Dana Greer works with Mr. and Mrs. Livingston and lives with them in the trailer at 1543 North Main, Fort Worth, Texas. In a conversation that I had with her over the telephone on August 29, 1991, she confirmed the information with regard to Mr. Livingston's condition that had been provided to me by Mr. and Mrs. Livingston. She said that for a period of two and one-half to three years Mr. Livingston has been making irrational decisions with regard to money that he later regrets, and confirmed the following facts: (1) Mr. Livingston purchased three new motorcycles within a period of one week; (2) he has given away valuable jewelry; (3) when she picked him up at John Peter Smith Hospital on June 20, 1991, he did not recognize her; and (4) Mr. Livingston's spending habits over the past three years have depleted the assets owned by Mr. and Mrs. Livingston. In conclusion, she said that she believes that Mr. Livingston is fully aware of what he is doing in giving his approval to the proposed guardianship.

Jon Spain, D.O. has been Mr. Livingston's doctor since Mr. Livingston moved to Fort Worth. On June 25, 1991 (five days after Mr. Livingston showed up at John Peter Smith Hospital), Dr. Spain examined Mr. Livingston. A letter from Dr. Spain to Mr. Griffin with respect to that examination was enclosed with the Application For The Appointment Of

-3-

Guardian filed with this Court on July 24, 1991. In that letter Dr. Spain stated "It is my medical opinion that, at this time and for the foreseeable future, Dale Livingston, is not competent to manage his day to day affairs, either personal or business." Dr. Spain's letter also provides that the stress of having to manage his day-to-day affairs might lead to a worsening of Mr. Livingston's condition. Mr. and Mrs. Livingston also stated their belief that the guardianship would be beneficial to Mr. Livingston's recovery in that such recovery is thwarted by Mr. Livingston's attempt to manage their financial affairs and their businesses.

In a telephone conference with Dr. Spain he told me that he has known Mr. and Mrs. Livingston for ten years and has served as each person's doctor for all of those years. He said that he has analyzed Mr. Livingston's condition carefully, and objectively, and it is his medical opinion that Mr. Livingston suffered a "nervous breakdown" in June of this year due to the business and personal pressures placed upon him. Further, he stated that Mr. Livingston is not capable of taking on personal or business responsibilities at this time and thus is not competent to manage those matters on his own.

The Amended Application states that Mr. Livingston owns no real property and that his entire estate consists of his interest in the tattoo businesses. Upon further inquiry, Mr. Livingston said that the only asset that he and Mrs. Livingston have is the cash they keep in a safe at their office. He further stated that their accumulated cash is at zero at this point due to his reckless spending over the past three years. Mrs. Livingston and Dana Greer each confirmed that the financial picture painted by Mr. Livingston is accurate.

-4-

Martha Kay Livingston is not disqualified to serve as guardian of the person and estate of Derwin Dale Livingston. Based upon my investigation, I do recommend the proposed guardianship of the person and estate of Derwin Dale Livingston, as I believe it is in his best interest.

I, as attorney ad litem, expended 9.25 hours in the defense of this action on behalf of Derwin Dale Livingston. My billing rate is $125 per hour. I hereby request that this Court accept this Report as my statement of services rendered. Further, I request that this Court issue an Order that Attorney's fees based upon the hours expended and my stated billing rate is reasonable and just, and that such fees should be paid.

Respectfully submitted,

_____
GARY V. POST
State Bar No. 16165300
500 Throckmorton Street, Suite 1400
Fort Worth, Texas 76102
(817) 334-0066

ATTORNEY AD LITEM

91-1725-1

### ORDER APPROVING GUARDIAN'S ANNUAL REPORT
☒ PERSON ONLY ☐ PERSON AND ESTATE

On this day, came on to be considered the Guardian's Annual Report, and the Court, having considered the same, finds as follows:

1. the Report complies with §743, Texas Probate Code;
2. the Report contains nothing extraordinary which would warrant an unscheduled visit by an officer of the Court;
3. the Report should be approved pursuant to §743(c), Texas Probate Code;
4. [Estates only] the Annual Account for the Estate has also been approved;

It is therefore ORDERED, ADJUDGED AND DECREED that:

1. the Guardian's Annual Report be and it is hereby APPROVED;
2. the Clerk of this Court may renew Letters of Guardianship according to the prior orders entered herein, which shall relate back to the date on which original Letters of Guardianship were issued; and
3. such Letters shall remain in force and effect for one (1) year and four (4) months, unless otherwise ordered by the Court.

SIGNED this _January 31, 1997_

_[signature]_
Judge Presiding

No. 91-1725-1

IN RE: GUARDIANSHIP OF

DERWIN DALE LIVINGSTON

AN INCAPACITATED PERSON

IN THE PROBATE COURT

NUMBER ONE FOR

TARRANT COUNTY, TEXAS

GUARDIAN'S ANNUAL __X__ FINAL _____ (Check one) REPORT ON
THE CONDITION AND WELL-BEING OF AN <u>ADULT</u> WARD

On this day, the undersigned, known to me to be the Guardian in this matter, personally appeared before me, and after being duly sworn, stated the following:

1. WARD:   Name  Derwin Dale Livingston  Age: 54
            SSN   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   Date of Birth: 1-1-43
            Address
            Phone

2. GUARDIAN: Name  Martha K. Livingston
   Relation to Ward  ~~Husband~~ Wife  SSN  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
            Address
            Phone

3. **FINAL REPORTS ONLY** (Otherwise, go to #4)
   I am filing a Final Report because of:   ☐ my resignation     ☐ the Ward's death
            ☐ Other: (please explain) _____

   If because of your resignation, has a successor been appointed?   ☐ YES ☐ NO
            Name
            Address
            Phone
   If because of Ward's death: (attach death certificate)
            a. date and place of death: _____
            b. has a personal representative been appointed?   ☐ YES ☐ NO
            Name
            Address
            Phone                                   Court

4. During the past year, I have visited the Ward in person  365  times.
   The date of my last personal visit with the Ward was  today

5. Residence of Ward:
   __X__ Ward's home       _____ Guardian's home         _____ relative's home (explain below)
   _____ nursing home      _____ hospital/medical facility  _____ foster/boarding home
   _____ other: _____

Guardian's Report on Condition and Well-Being of Adult Ward - Page 1

6. Is the Ward under a physician's regular care? ☐ YES ☐ NO
   During the past year, the Ward has been treated or evaluated by:
   ☒ Physician  Name _Veterans Hosp, Indianapolis_
   ☐ Dentist    Name _____
   ☐ Other      Name _____
   Describe treatment _Flu_

7. The Ward's activities for the past year were as follows:
   ☒ Recreational activities _Plays Computer Games_
   ☒ Educational activities _Reads Computer Books daily_
   ☒ Social activities _He visits people / visit / —Good_
   ☒ Occupational activities _None_

8. During the past year, the Ward's physical health:
   remained the same ☒
   improved ☐
   deteriorated ☐

   During the past year, the Ward's mental health:
   remained the same ☒
   improved ☐
   deteriorated ☐

   Describe: _____

9. My authorized powers as Guardian should:
   remain the same ☒
   be decreased ☐
   be increased ☐

10. Additional information concerning the Ward which I wish to share with the Court:
    _____
    _____

11. If possible, please attach a current photograph of the Ward.

THE STATE OF ~~TEXAS~~ _Indiana_  }  BEFORE ME, the undersigned authority, on this day personally appeared the
                                   }  undersigned, known to me to be the Guardian of the person described in the
COUNTY OF _Marion_                 }  foregoing Annual Report, and whose name is subscribed to the foregoing
Annual Report, who, being by me first duly sworn, did on his or her oath, depose and state as follows: "I hereby swear, under penalty of perjury, that the information contained in this report is accurate to the best of my knowledge."

SIGNED on _Jan. 21, 1997_                  _Martha Kay Huington_, Guardian

SUBSCRIBED AND SWORN BEFORE ME on _Jan. 21, 1997_, to certify which witness my hand and seal of office.

_Donna M. Etchells_
Notary Public, State of ~~Texas~~ _Indiana_
Printed Name: _Donna M. Etchells_
Commission expires: _05-19-99_

Guardian's Report on Condition and Well-Being of Adult Ward - Page 2